IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD ERIC BELLORA,                     )
                                          )
                                          )
            Plaintiff,                    )    Civil Action No. 2:23-1834
                                          )
      vs.                                 )
                                          )
PENNSYLVANIA DEPARTMENT OF                )
CORRECTIONS, et al.,                      )
                                          )
                                          )
            Defendants.                   )

**REPORT AND RECOMMENDATION**

**I.    Recommendation**

It is respectfully recommended that Defendants Jodi Hoffman, Vista Johnson, Corrections

Officer Grundy and Corrections Officer Marovich[1] be dismissed from this case based upon

Plaintiff's failure to timely serve them.

**II.    Report**

A.    Relevant Background

On October 20, 2023, Plaintiff Richard Eric Bellora, who was previously incarcerated at

the State Correctional Institution at Mercer, Pennsylvania, filed a counseled Complaint against

numerous defendants (ECF No. 1), some of whom are employees of Defendant Pennsylvania

Department of Corrections ("DOC"). Other defendants are employees of Defendant Wellpath, Inc.

("Wellpath"), which provides medical services to DOC institutions. Plaintiff alleges that his rights

under the Eighth Amendment to the United States Constitution and state law were violated when

Defendants were deliberately indifferent to his serious medical needs. In addition, he claims to

have been injured when a wheelchair in which he was seated was not properly secured in a van.

---

[1]Plaintiff has corrected the spelling of this Defendant's name from Morovich to Marovich. He will
be referred to as Marovich throughout this Report and Recommendation.

Plaintiff sought an extension of time in January, 2024 and again in March, 2024 to effect service. While some of the defendants were served in April, 2024, Plaintiff failed to serve at least four defendants (Hoffman, Johnson, Grundy and Marovich) in the more than nine months during which this case has been pending.

In April of 2024, Plaintiff filed a motion to amend the caption to add the full names of Defendants Hoffman, Frenk and Johnson (ECF No. 10).[2] Despite the fact that his motion was granted on April 10, 2024, Plaintiff evidently failed to attempt service on any of these defendants in the nearly four months that followed. Similarly, Defendants Grundy and Marovich were not served during this time frame.

Due to Plaintiff's ongoing failure to serve these defendants, an order was issued on July 29, 2024 that directed Plaintiff to show cause by August 5, 2024 why Defendants Hoffman, Johnson, Grundy and Marovich should not be dismissed for failure to be served (ECF No. 40). Instead of responding to the show cause order, Plaintiff filed a belated praecipe to issue summons on these defendants. After the Court struck this filing as unresponsive, Plaintiff filed a response (ECF No. 43) in which he claimed that he delayed serving these defendants in order to determine if they were "properly included." Notably, however, this assertion appears to be undercut by the fact that he had sufficient information to partially name them and allege claims against them in the Complaint.

Moreover, as reflected in Plaintiff's second motion to extend time to file a certificate of merit (ECF No. 19)[3], no later than April 25, 2024, and possibly earlier, Plaintiff had a copy of his

---

[2] Plaintiff's motion identified the full name of defendant "Jodi LNU" as Jodi Hoffman, "Cassie LNU" as Cassie Frenk, and corrected the name of the defendant originally named as "Michelle Johnson" to Vista Johnson.

[3] Despite seeking two extensions of time, Plaintiff has failed to file a certificate of merit regarding his medical malpractice claim.

medical records and therefore had the ability to determine if these defendants were "properly included" months ago. Nonetheless, it appears that Plaintiff took no steps to serve these defendants until the show cause order was issued.[4]

Plaintiff also asserted in his August 5, 2024 show cause response that Plaintiff's counsel did not receive the "full and correct names" of Defendants Grundy and Marovich, both of whom are corrections officers, until "this past week."[5]

In an order issued on August 8, 2024 (ECF No. 45), the court noted that Plaintiff's response to the order to show cause failed to provide sufficient information to determine if he had established good cause to further extend the time for service. Specifically, Plaintiff did not indicate what efforts, if any, were made to timely serve these defendants at the correctional institution in which he was incarcerated despite not having their full names. Further, while Plaintiff stated that he did not receive their full names until the past week, he did not provide any other information about his efforts since the commencement of this lawsuit last October to obtain their full names, including when he first sought this information, from whom the information was sought and any other details that would assist a determination as to the issue of good cause. As a result, Plaintiff was ordered to supplement his response.

Plaintiff's subsequent response provided some information, albeit insufficient. His counsel stated that she conducted online and electronic searches, did not realize that Officer Grundy was a female[6] and had the wrong spelling of Officer Marovich's name. Upon placing phone calls to the

---

[4] Plaintiff inexplicably seeks additional time to serve Defendant Frenk, who is already represented in this lawsuit and filed a motion to dismiss on May 1, 2024 (ECF No. 25).

[5] Plaintiff's counsel states that these defendants should be identified as Corrections Officer Tiffany Grundy and Corrections Officer Daniel Marovich.

[6] Plaintiff does not explain why the gender of this officer is relevant. The Court further notes that a Google search of "Corrections Officer Grundy" immediately revealed a Linked In account of

prison, counsel "was told that this information could not be released or that there was not someone available to release the information." She "eventually" was able to reach "someone" who provided the full names of these Defendants.[7]

## B. Discussion

A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Pursuant to the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The 90-day period ended on January 18, 2024 but Plaintiff has not effectuated service on these Defendants even by the extended deadline of April 12, 2024.

The burden rests on the plaintiff to prove proper service. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (finding that, in order for the plaintiff to establish proper service of summons and complaint under Pennsylvania law, the plaintiff had to prove that either defendant or his authorized agent signed the receipts); *see also McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003) ("It is [the] [p]laintiff's burden to show that service was proper.")

The Court of Appeals has held that "the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."

---

Tiffany Grundy, who is identified as a Corrections Officer at SCI Mercer. See https://www.linkedin.com/in/tiffany-grundy-312450157

[7] In this Court's experience with pro se prisoner civil rights cases, the United States Marshal routinely effects service at correctional institutions on individual defendants who are only identified by their title and last name.

*Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

        1.   Defendants Hoffman and Johnson

Plaintiff has not shown good cause for an extension of time to serve Defendants Hoffman and Johnson. This action was commenced last October. These defendants were not served within the time required by the Federal Rules of Civil Procedure. Despite being granted two extensions of time, Plaintiff still failed to act. Assuming for the sake of argument that he required the full names of Hoffman and Johnson, he obtained this information no later than April 2024. And by then, he also had determined that they were "properly included" since he moved to amend the caption to include them. Yet, again, he did nothing. Indeed, it can only be assumed that Plaintiff's inaction would have continued but for the issuance of a show cause order.

Thus, the Court concludes that Plaintiff has failed to show good cause for extending the time for service upon Defendants Hoffman and Johnson. Therefore, they should be dismissed without prejudice.

        2.   Defendants Grundy and Marovich

What is singularly lacking in Plaintiff's supplemental response is any clarity about when efforts were made to find and serve Officers Grundy and Marovich. This is particularly striking in light of the Court's specific direction that this information was lacking in Plaintiff's original response. The absence of any indication of the timing of counsel's efforts fails to support a finding that good cause exists to extend the service deadline for a third time. Further, Plaintiff never attempted to serve these officers at SCI Mercer, nor does he identify any person with whom counsel spoke, including the "someone" who provided Defendants' full names. In the absence of this and other information relevant to the issue of good cause, the fact that Plaintiff only acquired the full names of these Defendants in late July or early August does not demonstrate that diligent

efforts were made prior to that time to ascertain their identity and serve them.

Thus, because Plaintiff has failed to demonstrate good cause for extending the time to serve Defendants Grundy and Marovich, they should be dismissed.

## III.    Conclusion

Therefore, it is recommended that Defendants Jodi Hoffman, Vista Johnson, Corrections Officer Tiffany Grundy and Corrections Officer Daniel Marovich be dismissed without prejudice.

If Plaintiff wishes to challenge this Report and Recommendation, he must seek review by the district judge by filing objections by September 12, 2024.  Failure to file timely objections will waive the right of appeal.

Dated:  August 29, 2024                                /s/ Patricia L Dodge
                                                       PATRICIA L. DODGE
                                                       United States Magistrate Judge