# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ERIC BELLORA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENNSLYVANIA DEPARTMENT ) <br> OF CORRECTIONS, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 2:23-1834 <br><br> Judge Cathy Bissoon <br> Magistrate Judge Patricia L. Dodge |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Patricia Dodge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On August 29, 2024, the Magistrate Judge issued a Report ("R&R," Doc. 49) recommending that Defendants Jodi Hoffman, Vista Johnson, Corrections Officer Grundy and Corrections Officer Marovich be dismissed from this case based upon Plaintiff's failure to timely serve them. Service of the R&R was made on the parties, and Plaintiff filed Objections. *See* Doc. 50.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the Magistrate Judge's R&R will be adopted in part and rejected in part.

As an initial matter, Plaintiff does not contest the R&R insofar as it recommends dismissal of Defendants Jodi Hoffman and Vista Johnson. Thus, the Court adopts the R&R to this extent.

After careful consideration, however, the Court sustains Plaintiff's objection to the dismissal of Officers Grundy and Marovich.  As the R&R correctly notes, the Court of Appeals has held that "the district court should determine whether good cause exists for an extension of time.  If good cause is present, the district court must extend time for service and the inquiry is ended.  If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); see also Fed. R. Civ. P 4(m).  Here, the Court finds Plaintiff's reading of the Magistrate Judge's April 12, 2024 Order (Doc. 8) to be reasonable, and his assertion that he needed additional time and information to ascertain the full identities of Officers Grundy and Marovich to be credible.  Even if Plaintiff's reasoning does not rise to the level of "good cause," the Court in its discretion finds that a final extension of time for service is a more appropriate remedy than dismissal.  In addition to the aforementioned considerations, dismissal is disfavored where there "exists a reasonable prospect that service may yet be obtained."  McLaughlin v. Boss Prod., No. CIV.A. 15-354, 2015 WL 5971137, at *3 (W.D. Pa. Oct. 14, 2015) (Bissoon, J.).  Now that Plaintiff has properly identified Officers Grundy and Marovich, and the caption has been amended accordingly, no further impediments to service should exist.

Consistent with the above, it is **ORDERED** that the R&R is **ADOPTED IN PART** and **REJECTED IN PART**.  Parts II.A and II.B.1 of the R&R are **ADOPTED** as the Opinion of this Court, with the additions and modifications set forth above.  Defendants Jodi Hoffman and Vista Johnson are **DISMISSED WITHOUT PREJUDICE** for failure to serve.  Plaintiff shall have until **December 13, 2024** to demonstrate that he has effectuated proper service on Defendants Tiffany Grundy and Daniel Marovich.  If no proof of proper service is filed with the Court by

**December 13, 2024**, Officers Grundy and Marovich will be dismissed as parties. No further extensions of time for service will be granted.

 IT IS SO ORDERED.


November 14, 2024              s/Cathy Bissoon
                      Cathy Bissoon
                      United States District Judge


cc (via ECF email notification):

All Counsel of Record